UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANK RICHARD CORONEL,<br><br>                    Plaintiff,<br><br>        v.<br><br>HAVARD,<br><br>                    Defendant. | Case No.  2:24-cv-3087-JDP (P)<br><br>ORDER |

Plaintiff, a state inmate proceeding pro se, alleges that defendant, Sergeant Havard, a correctional officer at California State Prison-Sacramento, used excessive force against him in violation of the Eighth Amendment and violated his due process rights by filing a false disciplinary charge against him. ECF No. 1. Both of his allegations appear to be unexhausted. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein. I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 5.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1 | which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2 | relief. *Id.*
3 |      A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4 | Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5 | face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6 | require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7 | 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8 | possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9 | identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 | 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 | give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 | n.2 (9th Cir. 2006) (en banc) (citations omitted).
13 |      The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 | U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 | appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 | would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 | However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 | of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 | 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## Analysis

21 |      Plaintiff alleges that defendant called him into his office for a confidential interview. ECF
22 | No. 1 at 3. Defendant turned his camera off and asked plaintiff why he had been fighting, and
23 | plaintiff stated he did not know. *Id.* Plaintiff alleges that defendant "became angry and threw
24 | [plaintiff] on the floor," in violation of the Eighth Amendment. *Id.* He alleges that he suffered
25 | bruising to his face, head, and body, and has suffered emotional distress due to this alleged attack.
26 | *Id.* Plaintiff also alleges that after the attack, defendant filed a false disciplinary charge against
27 | plaintiff, in violation of his due process rights. *Id.* at 4. Plaintiff alleges he is now paranoid that
28 | additional false claims will be made against him. *Id.*

1   For the purposes of screening, plaintiff has alleged facts sufficient to state a cognizable Eighth Amendment claim against defendant. *See Bearchild v. Cobban*, 947 F.3d 1130, 1140-41 (9th Cir. 2020). However, plaintiff's due process allegation fails to state a claim, as the issuance of a false rule violation report does not, on its own, give rise to a constitutional claim. *See Muhammad v. Rubia*, No. C 08-3209-JSW, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 F. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (citations omitted).

More importantly, though, both plaintiff's claims appear to have a fatal flaw—the claims are unexhausted. "The Prison Litigation Reform Act of 1995 . . . mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016) (quoting 42 U.S.C. § 1997e(a)). The availability of administrative remedies must be assessed as of the time when the prisoner filed his action. *See Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017). Although dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be decided pursuant to a motion for summary judgment, *see Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), a court can also dismiss a case at screening "[i]n the rare event that a failure to exhaust is clear on the face of the complaint," *id.* at 1166. *See also Medina v. Sacramento City Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening.").

For his Eighth Amendment claim, plaintiff checked the boxed for "Yes" in response to the questions, "Are there any administrative remedies . . . available at your institution?" and "Did you submit a request for administrative relief on Claim I?" ECF No. 1 at 3. Plaintiff left blank the

3

boxes for the answer to the question of "Did you appeal your request for relief on Claim I to the highest level?" *See id.*

For his due process claim, plaintiff again checked the box for "Yes" in response to the question, "Are there any administrative remedies . . . available at your institution?" *Id.* at 4. However, he left blank the boxes for the answers to the questions of "Did you submit a request for administrative relief on Claim II?" and "Did you appeal your request for relief on Claim II to the highest level?" *See id.*

Exhaustion must occur prior to filing suit, and a plaintiff cannot exhaust while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). If a court concludes that a prisoner failed to exhaust his available administrative remedies before filing a civil rights action, the proper remedy is dismissal without prejudice. *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Before recommending dismissal, I will give plaintiff leave to amend his complaint. If he files an amended complaint, he should confirm whether he has exhausted his administrative remedies. If he has not, he should allege why, if at all, this action should proceed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 5, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

1        4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

        5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   March 5, 2025                                _____
                                                      JEREMY D. PETERSON
                                                      UNITED STATES MAGISTRATE JUDGE