1
2
3
4
5
6
7
8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HANK RICHARD CORONEL,                    Case No.  2:24-cv-3087-JDP (P)

12               Plaintiff,

13        v.                                  ORDER; FINDINGS AND
                                              RECOMMENDATIONS
14   HAVARD,

15               Defendant.

16

17

18          Plaintiff, a state inmate proceeding pro se, alleges in his first amended complaint that

19   defendants Sergeant Havard, a correctional officer at California State Prison-Sacramento, and the

20   California Department of Corrections, used excessive force against him in violation of the Eighth

21   Amendment and violated his due process rights by filing a false disciplinary charge against him.

22   ECF No. 10.  I recommend that plaintiff's first amended complaint be dismissed without

23   prejudice because it is evident from the face of the complaint that plaintiff has not exhausted his

24   administrative remedies.

25                        **Screening and Pleading Requirements**

26          A federal court must screen the complaint of any claimant seeking permission to proceed

27   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

28   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

                                                 1

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such

2  relief. *Id.*

3        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not

6  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.

7  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

8  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not

9  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

10  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that

11  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13        The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404

14  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it

15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

16  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

18  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

19  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20                                          **Analysis**

21        Plaintiff alleges that Havard and another sergeant called him into Havard's office for a

22  confidential interview. ECF No. 10 at 3. Plaintiff alleges that Havard became aggravated at

23  plaintiff's answers, and that Havard threw him against the wall, kneed him in the face, and

24  twisted his wrists into the handcuffs to a point where he thought his wrists were broken. *Id.* He

25  alleges that these actions violated his Eighth and Fourteenth Amendment rights. *Id.* at 3-4.

26        It is evident from the face of the complaint that plaintiff did not exhaust his available

27  administrative remedies, and his complaint must be dismissed as a result. "The Prison Litigation

28  Reform Act of 1995 . . . mandates that an inmate exhaust 'such administrative remedies as are

2

available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016) (quoting 42 U.S.C. § 1997e(a)).  The availability of administrative remedies must be assessed at the time the prisoner filed his action. *See Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017).  Although dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be decided pursuant to a motion for summary judgment, *see Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), a court can also dismiss a case at screening "[i]n the rare event that a failure to exhaust is clear on the face of the complaint," *id.* at 1166.  *See also Medina v. Sacramento Cnty. Sheriff's Dep't*, No. 2:16-cv-0765-AC-P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening.").

I dismissed plaintiff's original complaint because it appeared that plaintiff failed to exhaust his administrative remedies.  *See* ECF No. 7.  I informed plaintiff that he needed to indicate whether he exhausted his administrative remedies if he chose to file an amended complaint.  *See id.* at 3-4.  Plaintiff chose to file an amended complaint, in which he confirms that he has not exhausted his administrative remedies.  For his claims, plaintiff checked the boxed for "Yes" in response to the questions, "Are there any administrative remedies . . . available at your institution?" and "Did you submit a request for administrative relief on Claim I?"  *See* ECF No. 10 at 3-4.  Plaintiff checked the box "No" for the answer to the question of "Did you appeal your request for relief on Claim I to the highest level?" and "Did you appeal your request for relief on Claim II to the highest level?"  *See id.*  He states that he has not received an answer for his administrative complaint, so he cannot yet appeal it.  *See id.*

Exhaustion must occur prior to filing suit, and a plaintiff cannot exhaust while the suit is pending.  *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  As such, the appropriate outcome for this case is dismissal without prejudice for failure to exhaust administrative remedies.  *See Albino*, 747 F.3d at 1166; *Medina*, 2016 WL 6038181, at *3.

Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge to this action.

1   Further, it is RECOMMENDED that plaintiff's first amended complaint be DISMISSED

2   without prejudice for failure to exhaust administrative remedies, and the Clerk of Court be

3   directed to close this action.

4   These findings and recommendations are submitted to the United States District Judge

5   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6   after being served with these findings and recommendations, any party may file written

7   objections with the court and serve a copy on all parties.  Such a document should be captioned

8   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

9   objections shall be served and filed within fourteen days after service of the objections.  The

10  parties are advised that failure to file objections within the specified time may waive the right to

11  appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

12  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

13

14  IT IS SO ORDERED.

15

16  Dated:    April 24, 2025

17  JEREMY D. PETERSON
    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

4